```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

FIFTH THIRD BANK N.A.,

        Plaintiff,

v.                                  Case No:  2:20-cv-284-FtM-29MRM

LEE COUNTY CLERK OF COURT,

        Defendant/Third
        Party Plaintiff

UNITED  STATES  OF  AMERICA
DEPARTMENT OF TREASURY,

        Third Party Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of third-party defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. #25) filed on August 6, 2020. Defendant/third-party plaintiff filed a Response In Opposition (Doc. #26) on August 19, 2020. For the reasons set forth below, the motion is granted.

I.

In October 2019, plaintiff Fifth Third Bank initiated this matter in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida by filing a Complaint against defendant/third-party plaintiff Lee County Clerk of Court ("Lee County Clerk"). (Doc. #3.) According to the allegations in the

Complaint, Fifth Third Bank held a mortgage over an apartment property in Cape Coral which was sold at a tax deed sale. (Id. ¶ 5.) After the sale, Lee County Clerk held the excess proceeds in the amount of approximately $58,890.72. (Id. ¶¶ 5-6.) When Fifth Third Bank's agent filed a claim for the excess proceeds, Lee County Clerk stated the proceeds had already been disbursed to third-party defendant Untied States of America Department of Treasury ("United States") based upon an Internal Revenue Service tax lien. (Id. ¶¶ 9, 16.) The two-count Complaint accused Lee County Clerk of (1) negligent disbursement of excess proceeds and (2) breach of duty as bailee. (Id. pp. 2-3.)

In March 2020, Lee County Clerk filed a Third-Party Complaint against the United States. (Doc. #7.) The one-count pleading alleges a claim of equitable subrogation, asserting that should Fifth Third Bank prevail on either of its claims in the Complaint, Lee County Clerk is entitled to equitable subrogation and recovery of the funds paid to the United States. (Id. ¶¶ 14-16.) In April 2020, the United States removed the matter to this Court under 28 U.S.C. § 1442(a)(1). (Doc. #1, pp. 2-4.)

On August 6, 2020, the United States filed the motion to dismiss currently before the Court. (Doc. #25.) In the motion, the United States argues the Third-Party Complaint should be dismissed for (1) lack of subject matter jurisdiction and (2) failure to state a claim. (Id. pp. 4-5.) Because the Court agrees

2

the Third-Party Complaint must be dismissed for lack of subject matter jurisdiction, the failure to state a claim argument will not be addressed.

**II.**

The United States seeks dismissal of the equitable subrogation claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure, which provides for dismissal of an action if the Court lacks subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) can be asserted on either facial or factual grounds. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). A facial attack to the court's jurisdiction, like the one here, requires the court to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, accepting the allegations as true. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

Here, the United States argues that because it is immune from suit as a sovereign entity unless it consents to be sued, Lee County Clerk's failure to plead a waiver of sovereign immunity means the Court lacks subject matter jurisdiction over the claim. (Doc. #25, p. 4.) The Court agrees. "Sovereign immunity precludes subject matter jurisdiction in Florida and federal courts, and a party suing the United States or an officer of the United States (or any other sovereign) must allege—in the complaint—the applicable waiver of sovereign immunity." Soderberg v. Internal

3

Revenue Serv., 2017 WL 7788355, *2 (M.D. Fla. June 2, 2017) (citation omitted). "A failure to plead the statutory waiver of sovereign immunity results in a failure to invoke the court's subject matter jurisdiction." Id. (citation omitted).

As the Third-Party Complaint fails to plead any basis for a waiver of sovereign immunity, Lee County Clerk has failed to invoke the Court's subject matter jurisdiction and the Third-Party Complaint must be dismissed. See id. Because "[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice," Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1233 (11th Cir. 2008), the Third-Party Complaint will be dismissed without prejudice.

Accordingly, it is now

**ORDERED:**

Third-party defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. #25) is **GRANTED**. The Third-Party Complaint is **dismissed without prejudice** to filing an Amended Third-Party Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   26th   day of August, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

5